**Signed: July 06, 2006**



_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                   No. 00-40480 TR
                                        Chapter 7
ENVIRODYNE CORPORATION,

       Debtor.
_____/

JAMES D. GOLLADAY,                      A.P. No. 06-4073 AT

       Plaintiff,

  vs.

WILLIAM BROACH, Trustee;
DANIEL M. LINCHEY,

       Defendants.
_____/

**MEMORANDUM OF DECISION**

In this adversary proceeding, Creditor James D. Golladay ("Golladay") asserts claims against William Broach, the chapter 7 trustee, (the "Trustee") and his counsel Daniel M. Linchey ("Linchey") (referred to sometimes collectively as "Defendants") for negligence, breach of fiduciary duty, and negligent misrepresentation. Defendants move to dismiss the claims with

prejudice. For the reasons stated below, their motion will be granted.

## SUMMARY OF FACTS

Envirodyne Corporation ("Enviroydyne") filed a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code on January 26, 2000. John Thomas Coburn ("Coburn"), Envirodyne's president and sole shareholder, filed a voluntary chapter 11 petition the next day. Both Envirodyne and Coburn continued to operate during the chapter 11 cases as debtors in possession. No reorganization plan was ever confirmed in either chapter 11 case, and on May 1, 2001, orders were entered converting both cases to chapter 7 of the Bankruptcy Code.

Broach was appointed as the chapter 7 trustee in the Envirodyne case. Broach was authorized by Court order to employ Linchey as his general bankruptcy counsel. Various disputes arose between Broach and the chapter 7 trustee of the Coburn estate--Lois Brady ("Brady")--concerning which estate owned which scheduled asset. The principal assets in controversy were a condominium in Mexico (the "Mexican Condo"), a judgment against Donna Pinion (the "Pinion Receivables"), and two race cars, a T-70 Lola (the "T-70 Race Car"), and a T-162 Lola (the "T-162 Race Car"). In March 2003, Broach filed an application for approval of a compromise of those disputes in the Envirodyne case (the "Trustees' Compromise").

Golladay filed an objection to the Trustees' Compromise. Thereafter, Broach and Golladay entered into a settlement of Golladay's objection (the "Golladay Compromise"). The Golladay

2

Compromise was approved by the Court pursuant to an order entered on September 9, 2003. Thereafter, Golladay withdrew his objection to the Trustees' Compromise, and the Trustees' Compromise was approved by the Court pursuant to an order entered on September 30, 2003.

Broach filed his final report and final application for compensation in the Envirodyne case on August 6, 2004. Linchey filed his firm's final fee application on or about the same date. Orders approving the final report and the fee applications were entered on September 13, 2004. On October 30, 2004, a final decree was entered, and the Envirodyne case was closed.

On March 1, 2006, on Golladay's motion, the Envirodyne case was reopened to permit Golladay to prosecute a previously filed adversary proceeding against Broach and Linchey: i.e., the above-captioned adversary proceeding. On April 3, 2006, the Defendants filed a motion to dismiss the complaint. On April 17, 2006, the parties appeared at a status conference in the proceeding. The Court continued the status conference to May 18, 2006 when the motion to dismiss was scheduled to be heard. The Court gave Golladay until May 4, 2006 to file an opposition to the motion and Defendants until May 11, 2006 to file a reply. No further briefs were filed. However, on May 16, 2006, Golladay filed an amended complaint. The parties appeared at the May 18, 2006 hearing, and the matter was argued at some length. At the conclusion of the hearing, the motion was taken under submission.

**DISCUSSION**

**A. APPLICABLE LAW**

Defendants characterize their motion as a motion to dismiss for failure to state a claim. See Fed. R. Civ. Proc. 12(b)(6), made applicable to this proceeding pursuant to Fed. R. Bankr. Proc. 7012(b). Normally, such motions are limited to consideration of the allegations in the complaint. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99 (1957). However, Defendants ask the Court to take judicial notice of various documents. Certain of the documents are critical to the Court's decision.

A court may take judicial notice of matters outside the pleadings in considering a motion under Rule 12(b)(6) as long as they are matters of public record. See Molloy v. Primus Automotive Financial Services, 247 B.R. 804, 814 n.8 (C.D. Cal. 2000). However, some of the documents of which Defendants ask the Court to take judicial notice--i.e., the settlement agreement between Broach and Golladay--do not appear to be matters of public record. Therefore, this motion to dismiss should be considered a motion for summary judgment. See Jacobson v. AEG Capital Corp., 50 F.3d 1493, 1496 (9th Cir. 1995).

In determining whether to grant a motion for summary judgment, the Court must determine whether there is any genuine issue as to a material fact. See Fed. R. Civ. Proc. 56(c), made applicable to this proceding by Fed. R. Bankr. Proc. 7056. If not, the Court may enter judgment based on the parties' legal rights. Although Golladay did not file a declaration in opposition to the motion, at the hearing,

4

he did not contest the authenticity of the settlement agreement. Moreover, the Court permitted him to make numerous factual representations which the Court has taken into consideration in ruling on this motion.

**B.   DECISION**

The original complaint filed by Golladay asserted two claims for relief: i.e., negligence and breach of fiduciary duty.  The claims, which were not separately stated, alleged that Defendants:

1.   Negligently allowed Envirodyne's assets, consisting of the Mexican Condo and the T-70 Race Car, to be transferred to the Coburn estate, despite evidence provided by Golladay that Envirodyne owned them;

2.   Failed to timely renew the judgment supporting the estate's right to the Pinion Receivables;

3.   Withheld payment from and halted the efforts of a private investigator hired to locate various Envirodyne assets;

4.   Failed to provide Golladay with "legal action, warrants, advice, or other means against...[Coburn enabling him to recover the T-70 Race Car and other assets];

5.   Failed "to provide...[Golladay or pursue] themselves, legal action against...[Coburn] who illegally occupied...[the Mexican Condo] and openly collected rents from same";

6.   Refused to communicate with Golladay and his lawyer, thereby impeding Golladay's efforts in recovering assets awarded him by the Court so as to minimize his damages.

The amended complaint incorporated by reference the contents of the original complaint and added two additional claims: i.e., for negligent misrepresentation and to set aside the Golladay Compromise. In the amended complaint, Golladay alleged that Broach negligently misrepresented that the T-70 Race Car had been recovered. Golladay alleged that he entered into the Golladay Compromise in reliance on this misrepresentation. In addition, he alleged that, in entering into the Golladay Compromise, he assumed that Broach would supply him with whatever legal documents were necessary to prove his entitlement to the Mexican Condo and the T-70 Race Car. The amended complaint alleged that Broach failed to supply him with these documents despite having been asked to do so. As a result, according to Golladay, Coburn was able to "pocket an estimated $140,000 in rents from the...condominium" and to sell it for another $200,000.

Defendants move to dismiss the claims asserted in the original complaint on two grounds. First, they contend that Golladay released these claims when he entered into the Golladay Compromise. Second, they contend that the claims are barred by the doctrine of res judicata by virtue of Golladay's failure to object to Defendants' final fee applications.

Because the motion to dismiss was filed before the amended complaint, the motion to dismiss does not specifically address the two added claims. However, the two arguments made in support of the motion to dismiss the two original claims apply equally to the claim for negligent misrepresentation asserted in the amended complaint.

Thus, the Court will address this claim as well in ruling on Defendants' motion below.

Finally, Golladay's request to set aside the order approving the Golladay Compromise was also asserted too late to be addressed by Defendants' motion. However, because the proper disposition of that request is apparent from the Court's conclusions with respect to Defendants' motion, the Court will also rule on that request in this memorandum.

**A.   RELEASE PROVISIONS**

The first legal ground for the Defendants' motion to dismiss is that, pursuant to the Golladay Compromise, Golladay released all of the claims asserted in the original complaint. As recited above, the Golladay Compromise was approved pursuant to an order entered on September 9, 2003. The agreement that embodied the compromise (the "Agreement") recites that Golladay asserts lien rights in certain property of the Envirodyne estate that was the subject of the Trustees' Compromise. It recites that Golladay and Broach have agreed to settle their disputes by Broach assigning to Golladay the following property:

> (a) All the estate's rights in the Mexican Condo;
>
> (b) All amounts collected or to be collected from the Pinion Receivables, except for the amount of $15,000.00, which amount shall be retained by the Trustee free and clear of any claims thereto by Golladay;
>
> (c) 17.5% of the proceeds to be received by the Trustee from sale of the T-162 after deduction of the amount due Davenport under the Trustee's Settlement;

7

> (d) All the estate's rights in the Other Estate Property. Golladay specifically releases any interest he may have in the $15,000 of the Pinion Receivables retained by the Trustee and the balance of the proceeds of the T-162 after payment of the amount provided for in..(c) hereinabove.

Agreement, page 2, para. 2.

The Agreement contains the following provision pursuant to which Golladay releases his *known* claims against Broach and Linchey:

> 4. **Golladay's Release.** In consideration of the provisions of this Agreement, including the Trustee's Release, Golladay hereby forever releases and discharges the Trustee, his agents, employees, servants, representatives, attorneys, assigns and successors, jointly and individuall, of and from, and covenants not to seek or commence or prosecute, or aid in the commencement of prosecution of, any and all rights, claims, demands, damages, actions, causes of action of every kind and nature that Golladay may have against the Truste and the Debtor's estate ("Golladay's Release").

Agreement, page 2, para. 4.

The Agreement also contains a release by Golladay of *unknown* claims against Broach and Linchey as follows:

> 6. **General Release.** In connection with the Trustee's Release and Golladay's Release, the Parties waive the requirements of California Civil Code §1542, which states: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the Debtor."

Agreement, page 3, para. 6.

Finally, in paragraph 15 of the Agreement, each party, including Golladay, warranted that, in executing the Agreement, he had either relied on legal advice or had voluntary decided not to seek counsel

8

and fully understood the terms of the Agreement. As recited above, Golladay was represented by legal counsel in connection with the negotiation of the Agreement.

In November 2003, the Court approved an amendment to the Golladay Compromise (the "Agreement Amendment"). In Paragraph B of the Agreement Amendment, Golladay acknowledges that, when the Golladay Compromise was negotiated, neither he nor Broach were aware that the judgment supporting the claim to the Pinion Receivables had expired. In light of this new knowledge, the Agreement Amendment increases the proceeds from other assets assigned by Broach to Golladay.

Obviously, the release provisions only cover claims that arose before the Agreement was executed. As noted above, the original complaint contained six factual bases for Golladay's claims. The amended complaint contained one additional factual basis. Thus, in determining whether to the grant the Defendants' motion and, if so, with or without prejudice, the Court must determine, if possible, when each factual basis for the claims occurred. The Court's conclusions are set forth below.

**1. Defendants negligently allowed Envirodyne's assets to be transferred to the Coburn estate.**

The first factual basis for Golladay's claims restates the factual basis for his objection to the Trustees' Compromise. Golladay withdrew his objection to the Trustees' Compromise at the time he entered into the Golladay Compromise. Thus, he was clearly aware of this factual basis for his claims when he entered into the

9

Golladay Compromise and therefore released it when he executed the Agreement. Moreover, even if he had not known of this factual basis for his claims, the factual basis clearly arose before Golladay executed the Agreement. As a result, it was covered by the general release provision. Consequently, this factual basis for Golladay's claims should be dismissed with prejudice.

**2. Defendants failed to timely renew the judgment supporting the Pinion Receivables.**

As discussed above, the Agreement Amendment recites that, although neither Broach nor Golladay realized it prior to entering into the Golladay Compromise, the Pinion Judgment had already expired by that time. Thus, this factual basis for his claims clearly existed prior to the execution of the Agreement. Even though Golladay did not know about this factual basis for his claim when he signed the Golladay Agreement, he dismissed it pursuant to the general release provision. In any event, even if he had not released it at that time, he subsequently released it by entering into the Agreement Amendment. See In re Dominelli, 820 F.2d 313, 316 (9th Cir. 1987)(order approving settlement considered final judgment for res judicata purposes). Consequently, this factual basis for Golladay's claims should also dismissed with prejudice.

**3. Defendants failed to halt efforts of private investigator to locate Envirodyne assets.**

In his oral presentation at the hearing on the motion, Golladay conceded that this factual basis for his claims also occurred before the execution of the Golladay Compromise. Thus, for the same reason

as the two prior factual bases, this factual basis for his claims should also be dismissed with prejudice.

**4. Defendants failed to provide Golladay with legal documents enabling him to recover Envirodyne's assets.**

This portion of the claim has not been stated with sufficient specificity to permit the Court to determine whether it has been released pursuant to the Golladay Compromise. At the hearing, Golladay complained that Brady, the chapter 7 trustee of the Coburn estate, had failed to provide him with a legal document sufficient to permit him to assert control over the Mexican Condo. However, the Court does not recall any similar allegations with respect to Broach and Linchey. Therefore, based on the Defendants' first basis for their motion--i.e., the release provisions--the Court would be required to dismiss this portion of the claims without prejudice, for lack of specificity.

**5. Defendants failed to take prompt legal action (or provide Golladay with the means of doing so) with respect to the Mexican Condo.**

It is also impossible to determine from the vague nature of this allegation whether the conduct complained of occurred before or after the execution of the Agreement. Moreover, again, the Court is unsure, based on Golladay's comments at the hearing, whether he really means to assert this claim against Broach and Linchey as opposed to Brady. As a result, as with the prior factual basis for Golladay's claims, to the extent that Defendants' motion to dismiss is based on the release provisions, the Court would be required to dismiss this portion of Golladay's claim without prejudice.

**6. Defendants refused to communicate with Golladay and his attorney, thereby impeding Golladay's efforts to recover assigned assets.**

By referring to the "assigned assets," the allegations make it clear that this factual basis for Golladay's claims occurred after the execution of the Agreement. As a result, Golladay could not have released this portion of the claims in the Agreement, and the claims may not be dismissed on the basis of the release provisions.

**7. Prior to the execution of the Golladay Compromise, Defendants negligently represented that the T-70 race car had been recovered.**

Conversely, these allegations make it clear that this factual basis for Golladay's claim occurred before the execution of the Agreement. As a result, by executing the Agreement, Golladay released this factual basis for his claims, and this factual basis should be dismissed with prejudice. The fact that Golladay may not have known about this factual basis when he executed the Agreement is irrelevant in view of the general release provision.

**Summary of Rulings**

Based on the release provisions in the Agreement, Golladay clearly released the claims asserted in the original and amended complaint as to the factual bases stated in items 1, 2, 3, and 7 above. Therefore, based on the release provisions in the Agreement alone, these factual bases for Golladay's claims should be dismissed with prejudice.

The factual allegations set forth in item 4 and 5 are not sufficiently definite for the Court to determine whether the conduct in question occurred before the execution of the Agreement and thus

12

were covered by the release provisions contained in the Agreement. Therefore, these factual bases for Golladay's claim would be dismissed *without prejudice* based on Defendants' first legal ground for their motion: i.e., the release provisions. The factual allegations set forth in item 6 clearly relate to conduct that occurred after the execution of the Agreement. Thus, Golladay did not release this portion of his claims, and the claim need not be dismissed, either with or without prejudice, based on this legal ground.

**B. RES JUDICATA**

The second basis for Defendants' motion to dismiss applies equally to all seven claims. Defendants contend that all of the claims asserted by Golladay in the original and amended complaint are barred by the doctrine of res judicata. The doctrine of res judicata--sometimes referred to as claim preclusion--provides that a final judgment on the merits precludes further litigation on issues that either were *or could have been* litigated in the prior proceeding. Montana v. U.S., 440 U.S. 147, 153 (1979); Nordhorn v. Ladish Co., 9 F.3d 1402, 1404 (9th Cir. 1993).

In a bankruptcy case, a final fee award is considered a final judgment on the merits. See In re Iannochino, 242 F.3d 36, 44 (1st Cir. 2001). As recited above, Broach's and Linchey's final fee applications were approved pursuant to orders entered on September 13, 2004. Golladay was sent notice of the hearing the applications and did not file an objection. Because claims of malfeasance or nonfeasance could have been asserted as an objection to a fee

13

application, subsequent actions against a trustee or professional by a party in interest who received notice of the applications are barred by the doctrine of res judicata. See In re Shaw, 2000 WL 1897344 at *6 (N.D. Cal. 2000); Epstein v. Visher, 1997 WL 231108 at *1 (N.D. Cal.).

In determining whether the doctrine of res judicata bars pending litigation, the Court must examine four factors as follows:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by the prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

Nordhorn, 9 F.3d at 1405. Each of these factors as applied to Golladay's claims is discussed below.

**(1) Whether Prior Rights Established Would be Destroyed**.

The right of a professional to a fee award would be impaired by permitting a subsequent malpractice claim to be asserted. Shaw at *5. Similarly, here, Golladay's claims against Defendants--for negligence, breach of fiduciary duty, and negligent representation--would impair their fee awards. Thus, the first of the four required factors is clearly satisfied.

**(2) Whether Two Actions Would Require Substantially the Same Evidence**.

In Shaw, the party asserting the subsequent malpractice action had objected to the fee application. The Shaw court found that the evidence presented in support of the objection was the same evidence

14

that would be offered in support of the malpractice action. Shaw at *5. Here, Golladay did not file an objection to the fee applications. However, all of the factual bases for the claims asserted here could have been asserted in support of such an objection. As noted above, for res judicata to apply, a party need not have asserted the claim in the prior action. It is sufficient that the party could have asserted the claim. As recited above, Golladay received ample notice of the fee applications. He had a full and fair opportunity to assert his claims in the context of an objection to the fee applications. Thus, the Court concludes that the second of the four factors is also satisfied.

**(3) Whether Both Actions Involve Infringement of Same Right**.

The Court also concludes that the third factor has been satisfied. The claims asserted by Golladay here involve the infringement of the same right as that raised by the fee application. The right asserted by Golladay here is the right to have the chapter 7 trustee and his counsel exercise due care in marshalling the debtor's assets for the benefit of the estate's creditors. This is the same right that he could have asserted by means of an objection to the fee applications.

**(4) Whether Both Actions Arise Out of Same Nucleus of Facts**.

The final factor is also clearly satisfied. The fee applications of a chapter 7 trustee and his counsel put at issue the quality of their services on behalf of the estate and its creditors. This is the same nucleus of facts raised by Golladay's claims. See In re Coastal Plains, Inc., 338 B.R. 703, 713 (N.D. Tex. 2006)(causes

15

of action for negligence and breach of fiduciary duty are based on same nucleus of operative facts as trustee's fee application).

Based on the foregoing, the Court concludes that all of the claims asserted in the original and amended complaint are barred by res judicata effect of the orders approving Broach's and Linchey's final fee applications. Therefore, the claims asserted in the original and amended complaint should be dismissed with prejudice.

**C. MOTION TO SET ASIDE ENVIRODYNE COMPROMISE**

In the amended complaint, Golladay also asks the Court to set aside the order approving the Golladay Compromise.[1] He alleges that he entered into the Golladay Compromise based on Broach's negligent misrepresentation that the Mexican Condo was registered in Coburn's name and/or was owned by Coburn. He also alleges that he was unaware that Broach had negligently misrepresented that the T-70 Race Car had been recovered.

Golladay alleges further that, when he signed the Agreement, he assumed that Broach would provide any necessary documents to prove his entitlement to the Mexican Condo and the Race Cars. These documents were not provided despite his request for them. Finally, he alleges that, he signed the Agreement without realizing the effect of a "general release" clause. Although represented by counsel in connection with the Agreement, he notes that the attorney was acting

---

[1] Because the order approving the Golladay Compromise was entered in the bankruptcy case, not in this adversary proceeding, this request should have been made by motion in the case. However, as a matter of judicial economy, the Court will address it in the context of this proceeding.

16

on a pro bono basis. Finally, he alleges that the Court approved the Golladay Compromise in ignorance of all these facts.

As recited above, the order approving the Golladay Compromise was entered on September 9, 2003. Golladay did not seek to set aside this order until the amended complaint was filed on May 16, 2006. Clearly, Golladay learned of the factual basis for his request to set aside the order long before the amended complaint was filed. The Court finds that his request untimely. See Fed. R. Civ. Proc. 60(b), made applicable to this proceeding by Fed. R. Bankr. Proc. 9024.

Moreover, setting aside the Golladay Compromise would not breathe life into Golladay's claims. As discussed above, the release provisions contained in the Agreement only require the dismissal of some of the claims with prejudice. However, all of the claims must be dismissed with prejudice based on the doctrine of res judicata due to Golladay's failure to object to the fee applications.

**CONCLUSION**

Defendants' motion to dismiss will be granted in its entirety. Most of the claims asserted in the original and amended complaint arose before the Agreement was executed. As a result, by executing the Agreement, Golladay released the claims even, pursuant to the general release provision, if he did not know about them. For that reason, the motion to dismiss those claims would have to be dismissed with prejudice in any event. A few of the claims were or may have been based on conduct subsequent to the execution of the Agreement. Therefore, the motion to dismiss these claims would not be granted

17

based on the release provisions or, if granted, would be granted with leave to amend to state the claim more definitely.

However, all of the claims are barred by the res judicata effect of the orders approving Defendants' final fee applications. Therefore, the motion to dismiss must be granted with prejudice in its entirety. Golladay's request to set aside the Golladay Compromise is untimely. Moreover, even if the Agreement were set aside, the claims would still be barred by the doctrine of res judicata. Defendants are directed to submit a proposed form of order in accordance with this decision.

END OF DOCUMENT

18

```
 1                          COURT SERVICE LIST
 2    Dennis D. Davis
 3    Goldberg, Stinnett, Meyers & Davis
      44 Montgomery St., Ste. 2900
 4    San Francisco, CA 94104

 5    James D. Golladay
      P.O. Box 1784
 6    Grass Valley, CA 95945
```